UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK - BROOKLYN DIVISION

------------------------------------------------------------------X

In Re:

DIANE E TURNER-STEER,

              Debtor.

------------------------------------------------------------------X

Case No. 1-25-42962-ess

Chapter 13

**<u>NOTICE OF MOTION</u>**

     Upon the annexed affirmation of Jenelle C. Arnold, Esq., dated March 20, 2026 and the exhibits annexed thereto, Rocket Mortgage, LLC s/b/m Nationstar Mortgage LLC, a secured creditor, will move this court before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, on the 5th day of May, 2026 at 10:30 AM in the forenoon of that day, or as soon thereafter as counsel may be heard, at the courthouse located at U.S. Bankruptcy Court, Eastern District of N.Y., Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Suite 1595, Brooklyn, NY 11201-1800, for an order pursuant to 11 U.S.C. §362(d)(1) and 1301(c)(1), of the Bankruptcy Code modifying the automatic stay so that Rocket Mortgage, LLC s/b/m Nationstar Mortgage LLC, as secured creditor, can foreclose the mortgage it holds on the premises known as 116-14 139th Street, Jamaica, NY 11436, on the grounds that (a) Rocket Mortgage, LLC s/b/m Nationstar Mortgage LLC is not adequately protected; (b) Debtor has failed to make post-petition payments; and (c) for such other and further relief as this Court deems just and proper.

Dated: March 20, 2026

                                     Respectfully submitted,

                                       */s/ Jenelle C Arnold*
                                       Jenelle C. Arnold, Bar No.: 5263777
                                       Attorney for Movant
                                       Aldridge Pite, LLP
                                       3333 Camino del Rio South, Suite 225
                                       San Diego, CA 92108
                                       Telephone: (858) 750-7600
                                       Email: jarnold@aldridgepite.com

All hearings before Judge Stong will be conducted in person or video, as the Court deems appropriate.

Whether the hearing is in person or by video, please use eCourt Appearances to register to appear at a hearing. To register, please provide your name, address, e-mail address, telephone number, and the party that you represent, if applicable. Please be sure to register at least two business days before your hearing. For video hearings, you will receive instructions on how to access the hearing via e-mail two business days before the hearing. On your hearing date, please connect at least ten minutes before your scheduled hearing time and keep your audio and video on mute until your case is called

If you have a CM/ECF account, you may access eCourt Appearances in the "Utilities" menu after logging into CM/ECF. Alternatively, you may access eCourt Appearances on the Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. **In the event that you are not able to register online**, you may call or email Judge Stong's courtroom deputy for instructions at (347) 394-1864, ess_hearings@nyeb.uscourts.gov, at least two (2) business days prior to the hearing date.

Additional information about eCourt Appearances, including a tutorial on how to use the program, is available at https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances.

The Court appreciates the efforts of attorneys who are representing clients on a pro bono basis and invites them to contact chambers if they would like their matters to be called at the beginning of the calendar. Chambers will make every reasonable effort to accommodate such requests.

Procedures for obtaining hearing dates, and requesting emergency hearings, adjournments, telephonic or video appearances, conferences, and concerning chambers copies, submission of orders, notices of presentment, and other matters may be found by clicking the Judges' Procedures tab.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK - BROOKLYN DIVISION

-----------------------------------------------------------------X      Case No. 1-25-42962-ess

In Re:

                                          Chapter 13

DIANE E TURNER-STEER,

             Debtor.

-----------------------------------------------------------------X

## **MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY (REAL PROPERTY)**

ROCKET MORTGAGE, LLC S/B/M NATIONSTAR MORTGAGE LLC, ("Creditor") hereby moves this Court, pursuant to 11 U.S.C. § 362(d)(1) and 1301(c)(1) for relief from the automatic stay with respect to certain real property of the Debtor having an address of 116-14 139th Street, Jamaica, NY 11436 (the "Property"), for all purposes allowed by law, the Note (defined below), the Mortgage (defined below), and applicable law, including but not limited to the right to foreclose. Attached hereto as Exhibit 1 is a background information form required by local rules. In further support of this Motion, the undersigned states the following under penalty of perjury:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on June 24, 2025.

2. A hearing to consider confirmation of the Chapter 13 Plan of the Debtor is scheduled for March 10, 2026.

3. The Debtor and Oliver A. Steer (the "Borrowers") executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $188,000.00 (the "Note"). A copy of the Note is attached hereto as Exhibit 2. Creditor is an entity entitled to enforce the Note.

4. Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Borrowers under and with respect to the Note and Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as Exhibit 3.

5. All rights and remedies under the Mortgage have been assigned to the Creditor pursuant to that certain assignment of Mortgage, a copy of which is attached hereto as Exhibit 4.

6. The legal description of the Property and recording information is set forth in the Mortgage, a copy of which is attached hereto, and such description and information is incorporated and made a part hereof by reference.

7. Movant requests that Movant and/or its successors and assignees may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement, including a short sale or deed in lieu as alternatives to foreclosure, and that Movant may contact the Debtor via telephone or written correspondence to offer such an agreement or loan workout option.

8. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

9. As of February 18, 2026, the outstanding amount of the Obligations less any partial payments or suspense balance is $134,398.68.

10. The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Note that have been missed by the Debtor as of February 18, 2026:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 1 | 10/1/2025 | 10/1/2025 | $1,332.35 | $169.00 |
| 4 | 11/1/2025 | 2/1/2026 | $1,341.86 | $195.00 |
| Less post-petition partial payments (suspense balance): | | | | ($47.49) |
| Total: | | | | $6,652.30 |

11. The estimated market value of the Property is $650,000.00. The basis for such valuation is Debtor(s) Bankruptcy Schedules A/B & D, attached hereto as Exhibit 5.

12. Upon information and belief, the aggregate amount of encumbrances on the

Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Creditor, is $192,064.75.

13.     Cause exists for relief from the automatic stay for the following reasons:

(a.) Debtor has failed to make post-petition payments pursuant to the Mortgage documents.

WHEREFORE, Creditor prays that this Court issue an Order terminating or modifying the stay and granting the following:

1.     Relief from the stay for all purposes allowed by law, the Note, the Mortgage, and applicable law, including but not limited to allowing Creditor (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce it remedies to foreclose upon and obtain possession of the Property;

2.     That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

3.     That the 14-day stay described in Bankruptcy Rule 4001(a)(4) be waived;

4.     For such other relief as the Court deems proper.

Dated: March 20, 2026

Respectfully submitted,

*/s/ Jenelle C Arnold*
Jenelle C. Arnold, Bar No.: 5263777
Attorney for Creditor
Aldridge Pite, LLP
3333 Camino del Rio South, Suite 225
San Diego, CA 92108
Telephone: (858) 750-7600
Email: jarnold@aldridgepite.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK - BROOKLYN DIVISION

-------------------------------------------------------X     Case No. 1-25-42962-ess

In Re:

                                            Chapter 13

DIANE E TURNER-STEER,

              Debtor.                  Exhibit 1

-------------------------------------------------------X

## RELIEF FROM STAY - REAL ESTATE AND
## COOPERATIVE APARTMENTS

## BACKGROUND INFORMATION

1.    ADDRESS OF REAL PROPERTY OR COOPERATIVE APARTMENT: 116-14 139th Street, Jamaica, NY 11436

2.    LENDER NAME: Rocket Mortgage, LLC s/b/m Nationstar Mortgage LLC

3.    MORTGAGE DATE: June 20, 2002

4.    POST-PETITION PAYMENT ADDRESS: P.O. BOX 619094, DALLAS, TX 75261-9741

## DEBT AND VALUE REPRESENTATIONS

5.    TOTAL PRE-PETITION AND POST-PETITION INDEBTEDNESS OF DEBTOR(S) TO MOVANT AS OF THE MOTION FILING DATE: $134,398.68 (as of 2/18/2026)
*(THIS MAY NOT BE RELIED UPON AS A "PAYOFF" QUOTATION.)*

6.    MOVANT'S ESTIMATED MARKET VALUE OF THE REAL PROPERTY OR COOPERATIVE APARTMENT AS OF THE MOTION FILING DATE: $650,000.00

7.    SOURCE OF ESTIMATED MARKET VALUE: Debtor(s) Bankruptcy Schedules A/B & D

## STATUS OF DEBT AS OF THE PETITION DATE

8.    DEBTOR(S)'S INDEBTEDNESS TO MOVANT AS OF THE PETITION DATE:

        A. TOTAL:                             $132,043.87

        B. PRINCIPAL:                    $122,813.59

C. INTEREST: $3,822.88

D. ESCROW (TAXES AND INSURANCE): $1,367.48

E. FORCED PLACED INSURANCE EXPENDED BY MOVANT: Included in #8D

F. PRE-PETITION ATTORNEY'S FEES CHARGED TO DEBTOR(S): Included in #8D

G. PRE-PETITION LATE FEES CHARGED TO DEBTOR(S): $4,077.94

9. CONTRACTUAL INTEREST RATE: Original Rate 7.50000%
*(IF THE INTEREST RATE HAS CHANGED, LIST THE RATE(S) AND DATE(S) THAT EACH RATE WAS IN EFFECT ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: N/A.)*

10. OTHER PRE-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE:

Suspense $38.02

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: N/A.)*

**AMOUNT OF POST-PETITION DEFAULT AS OF THE MOTION FILING DATE**
(As of February 18, 2026)

11. DATE OF RECEIPT OF LAST PAYMENT: August 29, 2025

12. NUMBER OF PAYMENTS DUE FROM PETITION DATE TO February 18, 2026: 5 PAYMENTS.

13. POST-PETITION PAYMENTS IN DEFAULT:

| PAYMENT DUE DATE | AMOUNT DUE | AMOUNT RECEIVED | AMOUNT APPLIED TO PRINCIPAL | AMOUNT APPLIED TO INTEREST | AMOUNT APPLIED TO ESCROW | LATE FEE CHARGED |
|---|---|---|---|---|---|---|
| 10/1/2025 | $1,332.35 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/1/2025 | $1,341.86 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/1/2025 | $1,341.86 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/1/2026 | $1,341.86 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/1/2026 | $1,341.86 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL: | $6,699.79 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

14. OTHER POST-PETITION FEES CHARGED TO DEBTOR(S):

|   |   |   |
|---|---|---|
| | A. Total: | $1,549.00 |
| | B. Attorneys' Fees in Connection With This Motion: | $1,350.00 |
| | C. Filing Fee in Connection With This Motion: | $199.00 |
| | D. Other Post-Petition Attorneys' Fees: | $0.00 |
| | E. Post-Petition Inspection Fees: | $0.00 |
| | F. Post-Petition Appraisal/Broker's Price Opinion Fees: | $0.00 |
| | G. Forced Placed Insurance Expended By Movant: | $0.00 |
| 15. | Amount Held in Suspense by Movant: | $47.49 |

16. Other Post-Petition Fees, Charges or Amounts Charged to Debtor(s)'s Account and Not Listed Above: $N/A

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: N/A.)*

## REQUIRED ATTACHMENTS TO MOTION

Please attach the following documents to this motion and indicate the exhibit number associated with the documents.

(1) Copies of documents that establish Movant's interest in this subject property. For purposes of example only, this may be a complete and legible copy of the promissory note or other debt instrument together with a complete and legible copy of the mortgage and any assignments in the chain from the original mortgagee to the current moving party. (Exhibit 2, 3, 4.)

(2) Copies of documents that establish Movant's standing to bring this MOTION. (Exhibit 2, 3, 4.)

(3) Copies of documents that establish that Movant's interest in the real property or cooperative apartment was perfected. For the purposes of example only, this may be a complete and legible copy of the Financing Statement (UCC-1) filed with the clerk's office or the Register of the county in which the property or cooperative apartment is located. (Exhibit 2, 3, 4.)

# DECLARATION AS TO BUSINESS RECORDS

I, ___Chastity Wilson___, THE ___Assistant Secretary___ OF ROCKET MORTGAGE, LLC S/B/M NATIONSTAR MORTGAGE LLC, THE MOVANT HEREIN, DECLARE PURSUANT TO 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE INFORMATION PROVIDED IN THIS FORM AND ANY EXHIBITS ATTACHED HERETO (OTHER THAN THE TRANSACTIONAL DOCUMENTS ATTACHED AS REQUIRED BY PARAGRAPHS 1, 2 AND 3, ABOVE) IS DERIVED FROM RECORDS THAT WERE MADE AT OR NEAR THE TIME OF THE OCCURRENCE OF THE MATTERS SET FORTH BY, OR FROM INFORMATION TRANSMITTED BY, A PERSON WITH KNOWLEDGE OF THOSE MATTERS, THAT THE RECORDS WERE KEPT IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY; AND THAT THE RECORDS WERE MADE IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY AS A REGULAR PRACTICE.

I FURTHER DECLARE THAT COPIES OF ANY TRANSACTIONAL DOCUMENTS ATTACHED TO THIS FORM AS REQUIRED BY PARAGRAPHS 1, 2 AND 3, ABOVE, ARE TRUE AND CORRECT COPIES OF THE ORIGINAL DOCUMENTS.

EXECUTED AT ___Coppell, Texas___
ON THIS __19__ DAY OF __March__, 2026

NAME: Chastity Wilson
TITLE: Assistant Secretary of Rocket Mortgage, LLC s/b/m Nationstar Mortgage, LLC
MOVANT: ROCKET MORTGAGE, LLC S/B/M NATIONSTAR MORTGAGE LLC
Affiant
STREET ADDRESS: P.O. BOX 619094
CITY, STATE, AND ZIP CODE: DALLAS, TX 75261-9741
8950 Cypress Waters Blvd.
Coppell, Texas 75019

# DECLARATION

I, ___Chastity Wilson___, THE ___Assistant Secretary___ OF ROCKET MORTGAGE, LLC S/B/M NATIONSTAR MORTGAGE LLC, THE MOVANT HEREIN, DECLARE PURSUANT TO 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT BASED ON PERSONAL KNOWLEDGE OF THE MOVANT'S BOOKS AND BUSINESS RECORDS.

EXECUTED AT ___Coppell, Texas___
ON THIS __19__ DAY OF __March__, 2026

NAME: Chastity Wilson
TITLE: Assistant Secretary of Rocket Mortgage, LLC s/b/m Nationstar Mortgage, LLC
MOVANT: ROCKET MORTGAGE, LLC S/B/M NATIONSTAR MORTGAGE LLC
Affiant
STREET ADDRESS: P.O. BOX 619094
CITY, STATE, AND ZIP CODE: DALLAS, TX 75261-9741
8950 Cypress Waters Blvd.
Coppell, Texas 75019

Lo... ████

# NOTE

Multistate  FHA Case No. ████ ORIGINAL

**June 20, 2002**
[Date]

**116-14 139TH STREET  JAMAICA, NY 11436**
[Property Address]

## 1. PARTIES
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **Community Home Mortgage Corporation** its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST
In return for a loan received from Lender, Borrower promises to pay the principal sum of **One Hundred Eighty Eight Thousand and 00/100** Dollars (U.S. **$188,000.00**), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **7.500%** per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT
**(A) Time**
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **August 1, 2002.** Any principal and interest remaining on the **July 1, 2032,** will be due on that date, which is called the "Maturity Date."
**(B) Place**
Payment shall be made at **510 Broad Hollow Road, Melville, NY 11747** or at such place as Lender may designate in writing by notice to Borrower.
**(C) Amount**
Each monthly payment of principal and interest will be in the amount of **$1,314.52.** This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.
**(D) Allonge to this note for payment adjustments**
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

[ ] Graduated Payment Allonge
[ ] Growing Equity Allonge
[ ] Other

## 5. BORROWER'S RIGHT TO PREPAY
Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY
**(A) Late Charge for Overdue Payments**
If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR percent (4%) of the overdue amount of each payment.
**(B) Default**
If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.
**(C) Payment of Costs and Expenses**
If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses

EXHIBIT 2

including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS
Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES
Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it first class mail to Borrower at the property address above or at a different address if Borrower has given Lender notice of Borrower's different address.
Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE
If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____(Seal)
**DIANE E. TURNER-STEER**

_____(Seal)
**OLIVER A. STEER**

_____(Seal)

_____(Seal)

STATE OF **New York**)
          )ss:
COUNTY OF **Suffolk**)
On **June 20, 2002**, before me, the undersigned, personally appeared **DIANE E. TURNER-STEER and OLIVER A. STEER** , personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacities and that by his/her/their signatures on the instrument, the individuals, or the person upon behalf of which the individuals acted, executed the instrument.

_____
Notary Public

PATRICIA PICATAGGIO
Notary Public, State of New York
No. 4798715
Qualified in Suffolk County
Term Expires Dec. 31 1989

PAY TO THE ORDER OF

**WASHINGTON MUTUAL BANK, FA**
WITHOUT RECOURSE
Community Home Mortgage Corporation

_____
Daniel Silverman, Executive Vice President

Pay to the order of
Wells Fargo Bank, N.A.
Without Recourse
WASHINGTON MUTUAL BANK, FA

By _____
JERRY R. GAMBRELL
Officer

FHA Multistate Fixed Rate Note - 10/95
Page 2 of 2

EXHIBIT 2

WITHOUT RECOURSE
PAY TO THE ORDER OF

WELLS FARGO BANK, N.A.

BY _Joan M. Mills_
Joan M. Mills, Vice President

EXHIBIT 2

# CITY REGISTER RECORDING AND ENDORSEMENT PAGE

REEL 4 5 2 4 PG 0 1 2 0

| | |
|---|---|
| **COUNTY OF ▶** QUEENS | **TOTAL NUMBER OF PAGES IN DOCUMENT INCLUDING THIS PAGE ▶** 7 |

THIS PAGE FORMS PART OF THE INSTRUMENT

| Block ▼ 11996 | Lots - ONLY IF ENTIRE LOT ▼ 127 | Partial Lots ▼ P/O |
|---|---|---|

| Premises ▼ 116-14 131th St. | | NAME ▼ Community Home Mortgage Corp |
|---|---|---|
| Title/Agent Company Name ▼ Tibercush Abstract | RECORD & RETURN TO | ADDRESS ▼ 25 Smith St |
| | | CITY ▼ Nanuet    STATE ▼ NY    ZIP ▼ -10954 |

**NAME & ADDRESS**

PARTY 1 ▶ Oliver A Steer + Diane E Turner-Steer ▮▮▮▮▮▮

ADDITIONAL PARTY 1 ▶

PARTY 2 ▶ Community Home Mortgage Corp - 510 Broad Hollow Rd, Melville, NY 11747    FOLD

ADDITIONAL PARTY 2 ▶

CHECK THIS BOX IF THERE ARE MORE THAN 2 OF EITHER PARTY ................................................ ☐

---

**CITY REGISTER'S USE ONLY - DO NOT WRITE BELOW THIS LINE**

Examined by (▲): _____ 6

| | |
|---|---|
| Mtge Tax Serial No.. | **City Register** Serial Number ▶ |
| Mtge Amount _____ $ 188,000 | Indexed By (▲): _____   Verified By (▲): _____ |
| Taxable Amount _____ $ | Block(s) and Lot(s) verified by (✓): |
| Exemption (✓) _____ YES ☐   NO ☒ | Address _____ ☒   Tax Map _____ ☐ |
| Type: [3305E] [255] [OTHER_____] | Extra Block(s) _____   Lot(s) _____ |
| Dwelling Type: (1 to 2) [3] [4 to 6] [over 6] | Recording Fee D $ 67 (15) |
| TAX RECEIVED ON ABOVE MORTGAGE ▼ | Affidavit Fee ____(C) $ |
| County (basic) _____ $ 940 | RPTT Fee _____(R) $ |
| City (Add'l) _____ $ 1880 | HPD-A _____ ☐   HPD-C _____ ☐ |
| Spec Add'l _____ $ -- | New York State Real Estate Transfer Tax ▼ |
| TASF _____ $ 470 | $ |
| MTA _____ $ 445 | |
| NYCTA _____ $ | Serial Number ▶ |
| TOTAL TAX _____ $ 3735 | New York City Real Property Transfer Tax |
| Apportionment Mortgage (✓) YES ☐ NO ☒ | Serial Number ▶ |

---

**RECORDED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

2002 AUG 12 A 11: 43

EXHIBIT 3

o

REEL h 5 2 4 PG 0 1 2 1

**Community Home Mortgage Corporation**
**25 Smith Street**
**Nanuet, NY 10954**
**ATTENTION FINAL DOCUMENTS**

[Space Above This Line For Recording Data]

## MORTGAGE

State of New York, County of Suffolk

THIS MORTGAGE ("Security Instrument") is given on **June 20, 2002**. The Mortgagor is **DIANE E. TURNER-STEER** and **OLIVER A. STEER** , whose address is ████████████████ ("Borrower"). This Security Instrument is given to **Community Home Mortgage Corporation**, which is organized and existing under the laws of the State of New York, and whose address is **510 Broad Hollow Road, Melville, NY 11747** ("Lender"). Borrower owes Lender the principal sum of **One Hundred Eighty Eight Thousand and 00/100 Dollars (U.S. $188,000.00)**. This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on **July 1, 2032**. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in **QUEENS** County, NY:

District:
Section: **52**
Block: **11996**
Lot: **127**

which has the address of **116-14 139TH STREET JAMAICA, NY 11436**. ("Property Address");

THE REAL PROPERTY IS IMPROVED OR WILL BE IMPROVED BY A ONE OR TWO FAMILY DWELLING ONLY.

THIS IS PURCHASE MONEY MORTGAGE SECURING PREMISES DEEDED TO MORTGAGOR THIS DATE AND INTENDED TO BE RECORDED SIMULTANEOUSLY WITH SAID DEED.

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

**2. Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under Paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b) and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b) and (c).

FHA New York Mortgage - 4-96                                      Page 1 of 5

EXHIBIT 3



REEL 4524 PG 0122

## SCHEDULE A - DESCRIPTION

All that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the westerly side of 139th Street distant 111 feet southerly from the corner formed by the intersection of the westerly side of 139th Street and the southerly side of 116th Avenue;

RUNNING THENCE westerly at right angles to 139th Street, 83.35 feet;

THENCE southerly at right angles to 116th Avenue, 4.225 feet;

THENCE westerly parallel with 116th Avenue 74 feet to the easterly side of Van Wyck Expressway (138th Street);

THENCE southerly along the easterly side of 138th Street now Van Wyck Expressway, 5.267 feet;

THENCE easterly at right angles to 139th Street 153.64 feet to the westerly side of 139th Street;

THENCE northerly along the westerly side of 139th Street, 25 feet to the point or place of BEGINNING.

PREMISES KNOWN AS 116-14 139TH STREET, JAMAICA

SCHEDULE A - DESCRIPTION PAGE

EXHIBI

REEL 6 5 2 4 PG 0 1 2 3

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless the Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above with 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

REEL 6524 PG0124

**9. Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all the sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights in the case of payment defaults to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that should this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

FHA New York Mortgage - 4/96                                                    Page 3 of 5

EXHIBIT 3

REEL b 5 2 4 PG 0 1 2 5

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in the paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may bring a lawsuit to take away all of the Borrower's remaining rights in the Property and have the Property sold. At this sale, Lender or another person may acquire the Property. This is known as "foreclosure and sale". In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by law and will have the right to add all reasonable attorneys' fees to the amount owed Lender, which fees shall become part of the Sums Secured.
Lender may require immediate payment in full under paragraph 9.
If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

**19. Lender's Obligation to Discharge this Security Instrument.** When Lender has been paid all amounts due under the Note and under this Security Instrument, Lender will discharge this Security Instrument by delivering a certificate stating that this Security Instrument has been satisfied. Borrower will not be required to pay Lender for the discharge, but Borrower will pay all costs of recording the discharge in the proper official records.

**20. Agreements about New York Lien Law.** Borrower will receive all amounts lent by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Security Instrument is recorded, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, Borrower will: (A) hold all amounts which Borrower received and which Borrower has a right to receive from Lender under the Note as a "trust fund"; and (B) use those amounts to pay for that construction or work before Borrower uses them for any other purpose. The fact that Borrower is holding those amounts as a "trust fund" means that for any building or other improvement located on the Property Borrower has a special responsibility under the law to use the amount in the manner described in this paragraph 20.

**21. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

[ ] Condominium Rider      [ ] Graduated Payment Rider    [ ] Other (Specify)
[ ] Planned Unit Development Rider    [ ] Growing Equity Rider       [ ] Adjustable Rate Rider

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)
**DIANE E. TURNER-STEER**

_____ (Seal)
**OLIVER A. STEER**

FHA New York Mortgage - 4/96                                        Page 4 of 5

REEL 6524 PG 0126

_____(Seal)

_____(Seal)

STATE OF New York)
                 )ss:
COUNTY OF Suffolk)

On **June 20, 2002**, before me, the undersigned, personally appeared  **DIANE E. TURNER-STEER**  and **OLIVER A. STEER**
, personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacities and that by his/her/their
signatures on the instrument, the individuals, or the person upon behalf of which the individuals acted, executed the instrument.

Notary Public

PATRICIA PICATAGGIO
Notary Public, State of New York
No. 4766718
Qualified in Suffolk County
Term Expires Dec. 31 1999 2005

FHA New York Mortgage - 4/96                                    Page 5 of 5

## NYC DEPARTMENT OF FINANCE
## OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2008040300998001001EF87B

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 2 |
|---|---|---|
| **Document ID: 2008040300998001** | Document Date: 06-20-2002 | Preparation Date: 04-03-2008 |

Document Type: ASSIGNMENT, MORTGAGE
Document Page Count: 1

| PRESENTER: | RETURN TO: |
|---|---|
| NATIONWIDE TITLE CLEARING | NATIONWIDE TITLE CLEARING |
| 2100 ALT 19 NORTH | 2100 ALT 19 NORTH |
| PALM HARBOR, FL 34683 | PALM HARBOR, FL 34683 |
| 727-771-4000 | 727-771-4000 |
| jessica_lesinski@nwtc.com | jessica_lesinski@nwtc.com |

### PROPERTY DATA

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| QUEENS | 11996 | 127 | Entire Lot | | 116-14 139TH STREET |

Property Type: 1- 2 FAM WITH ATTCH GAR &/OR VACANT LAND

### CROSS REFERENCE DATA

QUEENS Year: 2002    Reel: 6524    Page: 120

### PARTIES

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| WASHINGTON MUTUAL BANK | WELLS FARGO BANK, NA |
| 2210 ENTERPRISE DRIVE | 2701 WELLS FARGO WAY |
| FLORENCE, SC 29501 | MINNEAPOLIS, MN 55467 |

### FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 42.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed    04-16-2008 12:10
City Register File No.(CRFN):
     2008000151851

*City Register Official Signature*

EXHIBIT 4

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:
Washington Mutual Bank, FA
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

ATTN:

## ASSIGNMENT OF MORTGAGE

For good and valuable consideration, the sufficiency of which is hereby acknowledged, the undersigned,
**WASHINGTON MUTUAL BANK SUCCESSOR IN INTEREST AS COMMUNITY HOME MORTGAGE CORPORATION**
whose address is 2210 ENTERPRISE DRIVE FLORENCE, SC 29501                                    (Assignor)
By these presents does convey, grant, bargain, sell, assign, transfer and set over to:
**WELLS FARGO BANK, NA**
whose address is 2701 WELLS FARGO WAY MINNEAPOLIS, MN 55467                                    (Assignee)
the described Mortgage, together with the certain note(s) described therein with all interest, all liens and any rights due or to become due thereon. Said Mortgage is recorded in the State of NEW YORK, County of QUEENS.

Official Records on: 8\12\02    Original Loan Amount: **$188,000.00**    Mortgage Date:    06/20/2002
Original Mortgagor: **Diane Turner-Steer and Oliver A. Steer**
                          Trustee:

Instr #:          Doc #:              Cert #:                      Book: 6524          Page: 120
Legal: See Attached Legal Description    Mortgagee: Community Home Mortgage Corporation
Section:          Lot: 127          Block: 11996
Property/Tax ID #                                               Group #:          District #:
Address: 116-14 139th Street, Jamaica, NY 11436
Date:

Prepared by: _J. Lesinski_
NTC          (727) 771-4000
2100 Alt 19 North
Palm Harbor, FL 34683

WASHINGTON MUTUAL BANK SUCCESSOR IN
INTEREST AS COMMUNITY HOME MORTGAGE
CORPORATION

JANET ROLEN, VICE PRESIDENT, ATTORNEY-IN-FACT

SHAUNA HYMAN, ASSISTANT SECRETARY

STATE of SOUTH CAROLINA, COUNTY of FLORENCE
The foregoing instrument was acknowledged before me this 6th day of March, 2008 by JANET ROLEN, VICE PRESIDENT, ATTORNEY-IN-FACT and SHAUNA HYMAN, ASSISTANT SECRETARY of WASHINGTON MUTUAL BANK SUCCESSOR IN INTEREST AS COMMUNITY HOME MORTGAGE CORPORATION, 2210 ENTERPRISE DRIVE, FLORENCE, SC 29501, He/She is personally known to me and did take an oath.

DENISE ROSE, Notary Public
State of SOUTH CAROLINA at Large, My Commission
Expires: 05-18-2009
This Assignment is not subject to the requirements of Section 275 of the Real Property law because it is an assignment with the Secondary Mortgage Market

DENISE ROSE
NOTARY
PUBLIC
SOUTH CAROLINA

**SEAL**

EXHIBIT 4

# CITY REGISTER RECORDING AND ENDORSEMENT PAGE

**APPL** h 5 2 h PR 0 1 2 0

**COUNTY OF ▶** QUEENS

THIS PAGE FORMS PART OF THE INSTRUMENT

| TOTAL NUMBER OF PAGES IN DOCUMENT INCLUDING THIS PAGE ▶ | 7 |
|---|---|

**Block ▼** 11996

**Lots - ONLY IF ENTIRE LOT ▼** 127

**Partial Lots ▼**

**P/O**

**Premises ▼** 116-14 131th St.

**Title/Agent Company Name ▼** Tiberough Abstract

**Title Company Number ▼** TB 164760

**RETURN & MAILED TO**

**NAME ▼** Community Home Mortgage Corp

**ADDRESS ▼** 25 smith St.

**CITY ▼** Nanuet **STATE ▼** NY **ZIP ▼** 10954

**PARTY 1 ▶** Oliver A Stew + Diane E Turner-Stew, 167-13 Linden Blvd, Jamaica, NY 11434

**ADDITIONAL PARTY 1 ▶**

**PARTY 2 ▶** Community Home Mortgage Corp - 510 Broad Hollow Rd, Melville, NY 11747 **FOLD**

**ADDITIONAL PARTY 2 ▶**

CHECK THIS BOX IF THERE ARE MORE THAN 2 OF EITHER PARTY ........................ ☐

**CITY REGISTER USE ONLY — DO NOT WRITE BELOW THIS LINE**

**Examined by (s):** 6

**Mtge Tax Serial No..** CT21678

**Mtge Amount** $ 180,000

**Taxable Amount** $

**Exemption (✓)** YES ☐ NO ☒

**Type:** [3000] [ 200 ] [OTHER ]

**Dwelling Type:** (1 & 2) [ 3 ] [4 & 5] [6 & ]

**TAX RECEIVED ON ABOVE MORTGAGE ▼**

| | | |
|---|---|---|
| County (basic) | $ | 94 C |
| City (Add'l) | $ | 1880 |
| Spec Add'l | $ | — |
| TASF | $ | 470 |
| MTA | $ | 445 |
| NYCTA | $ | |
| TOTAL TAX | $ | 3735 |

Apportionment Mortgage (✓) YES ☐ NO ☒

**City Register Serial Number ▶** 110499

**Indexed By (s):**

**Verified By (s):**

**Block(s) and Lot(s) verified by (✓):**

Address ☒ Tax Map ☐

Extra Block(s) Lot(s)

**Recording Fee** D. $ 67 (15)

**Affidavit Fee** (C) $

**RPTT Fee** (R) $

**HPD-A** ☐ **HPD-C** ☐

**New York State Real Estate Transfer Tax ▼**

$

**Serial Number ▶**

**New York City Real Property Transfer Tax Serial Number ▶**

## RECORDED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK

2002 AUG 12 A 11: 43

**FOLD**

25 × 10

EXHIBIT 4

# NYC DEPARTMENT OF FINANCE
## OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



**2025122300963001001EC00A**

## RECORDING AND ENDORSEMENT COVER PAGE          PAGE 1 OF 4

| | | |
|---|---|---|
| **Document ID:** 2025122300963001 | Document Date: 12-18-2025 | Preparation Date: 12-23-2025 |

**Document Type:** ASSIGNMENT, MORTGAGE
**Document Page Count:** 2

| PRESENTER: | RETURN TO: |
|---|---|
| NATIONWIDE TITLE CLEARING, LLC<br>2100 ALT 19<br>PALM HARBOR, FL 34683-2620<br>CLARISSA.COMBS-GERMANY@COVIUS.COM | WELLS FARGO BANK, N.A.<br>NATIONWIDE TITLE CLEARING LLC 2100 ALT. 19 NORTH<br>PALM HARBOR, FL 34683<br>SUPPORT@SIMPLIFILE.COM |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 11996 | 127 | Entire Lot | 116-14 139 STREET |

**Property Type:** OTHER

### CROSS REFERENCE DATA

QUEENS          **Year:** 2001     **Reel:** 6524     **Page:** 120

### PARTIES

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| WELLS FARGO BANK, N.A.<br>1 HOME CAMPUS<br>DES MOINES, IA 50328 | NATIONSTAR MORTGAGE LLC<br>8950 CYPRESS WATERS BLVD<br>COPPELL, TX 75019 |

☒ Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 47.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed          12-24-2025 15:16
City Register File No.(CRFN):
**2025000350067**

*City Register Official Signature*

EXHIBIT 4

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2025122300963001001CC28A

| | | |
|---|---|---|
| **Document ID: 2025122300963001** | Document Date: 12-18-2025 | Preparation Date: 12-23-2025 |
| Document Type: ASSIGNMENT, MORTGAGE | | |

## PARTIES

**ASSIGNOR/OLD LENDER:**
DIANE E. TURNER-STEER
116-14 139TH ST
JAMAICA, NY 11436

**ASSIGNOR/OLD LENDER:**
OLIVER A. STEER
116-14 139TH ST
JAMAICA, NY 11436

EXHIBIT 4

When Recorded Return To:
Wells Fargo Bank, N.A.
C/O Nationwide Title Clearing, LLC
2100 Alt. 19 North
Palm Harbor, FL 34683

# ASSIGNMENT OF MORTGAGE

**FOR GOOD AND VALUABLE CONSIDERATION,** the sufficiency of which is hereby acknowledged, the undersigned, **WELLS FARGO BANK, N.A., WHOSE ADDRESS IS, 1 HOME CAMPUS, DES MOINES, IA 50328, (ASSIGNOR),** by these presents does convey, grant, assign, transfer and set over the described Mortgage, as the same has been consolidated, extended or modified, including all mortgages that have been consolidated therewith, with all interest secured thereby, all liens, and any rights due or to become due thereon to **NATIONSTAR MORTGAGE LLC, WHOSE ADDRESS IS 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE).**

Said Mortgage is dated 06/20/2002, made by **DIANE E TURNER-STEER AND OLIVER A STEER** to **COMMUNITY HOME MORTGAGE CORPORATION,** in the principal sum of $188,000.00 and recorded on 08/12/2002, in **Reel 6524 and Page 0120,** in the office of the Registry of **QUEENS** County, **NY.**

Property is commonly known as: 116-14 139TH ST,
                                JAMAICA, NY 11436.

See Exhibit attached for Assignments, Modifications etc.

This Assignment is not subject to the requirements of section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

**Dated this 18th day of December in the year 2025.**
**WELLS FARGO BANK, N.A.**

_ALAN BAKER (signature)_

**ALAN BAKER**
**VICE PRESIDENT LOAN DOCUMENTATION**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

_Mackenzie Eichen (signature)_

**MACKENZIE EICHEN**
**WITNESS**

STATE OF FLORIDA    COUNTY OF PINELLAS
Before me by means of [X] physical presence or [ ] online notarization on, this 18th day of December in the year 2025, the undersigned, personally appeared Alan Baker as VICE PRESIDENT LOAN DOCUMENTATION for WELLS FARGO BANK, N.A., personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_Alyxandra Carruba (signature)_

**Alyxandra Carruba**
**COMM EXPIRES: 6/15/2029**

ALYXANDRA CARRUBA
Notary Public - State of Florida
Commission # HH 687972
My Comm. Expires Jun 15, 2029

EXHIBIT 4

Exhibit

Assignment: WASHINGTON MUTUAL BANK SUCCESSOR IN INTEREST AS COMMUNITY HOME MORTGAGE CORPORATION TO WELLS FARGO BANK, NA DATED 03-06-2008. REC: 04-16-2008 INSTR# 2008000151851

Modification: DIANE E TURNER-STEER AND OLIVER A STEER TO WELLS FARGO BANK, N.A. DATED 02-09-2010. REC: 07-29-2010 INSTR# 2010000254227, AMT: $203,402.17

Modification: DIANE E TURNER-STEER AND OLIVER A STEER TO WELLS FARGO BANK, N.A. DATED 02-09-2010. REC: 05-16-2014 INSTR# 2014000169866, AMT: $203,402.17

Modification: DIANE E TURNER-STEER TO WELLS FARGO BANK, N.A DATED 11-10-2014. REC: 06-18-2015 INSTR# 2015000209663, AMT: $157,435.34



*446343830*



*D0120728199*

EXHIBIT 4

**Fill in this information to identify your case and this filing:**

Debtor 1          **DIANE E TURNER-STEER**
                  _____
                  First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)   _____
                  First Name          Middle Name          Last Name

United States Bankruptcy Court for the:    EASTERN DISTRICT OF NEW YORK

Case number    **25-42962-ess**
               _____

☐  Check if this is an
   amended filing

Official Form 106A/B
# Schedule A/B: Property                                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No. Go to Part 2.

   ☑ Yes. Where is the property?

   1.1
   **116-14 139 Street**
   _____
   Street address, if available, or other description

   **Jamaica           NY      11436-0000**
   _____
   City              State        ZIP Code

   **Queens**
   _____
   County

   **What is the property?** Check all that apply

   ☐  Single-family home
   ☐  Duplex or multi-unit building
   ☐  Condominium or cooperative
   ☐  Manufactured or mobile home
   ☐  Land
   ☐  Investment property
   ☐  Timeshare
   ☐  Other _____

   **Who has an interest in the property?** Check one

   ☑  Debtor 1 only
   ☐  Debtor 2 only
   ☐  Debtor 1 and Debtor 2 only
   ☐  At least one of the debtors and another

   Other information you wish to add about this item, such as local property identification number:

   Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

   | Current value of the entire property? | Current value of the portion you own? |
   |---|---|
   | **$650,000.00** | **$650,000.00** |

   Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

   _____

   ☐  Check if this is community property
       (see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.................................................................=>**      |      **$650,000.00**

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

   ☑ No
   ☐ Yes

EXHIBIT 5

Debtor 1    **DIANE E TURNER-STEER**                                    Case number *(if known)*    **25-42962-ess**

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ■ No
   ☐ Yes

5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.............................................................=> | **$0.00**

---

**Part 3:** Describe Your Personal and Household Items

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes. Describe.....

   | BEDS, CHAIRS TABLE ETC. | $780.00 |

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ■ Yes. Describe.....

   | 2 TELEVISIONS, CELL PHONE | $750.00 |

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ■ No
   ☐ Yes. Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ■ No
   ☐ Yes. Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes. Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ■ Yes. Describe.....

    | GARMENTS ETC. | $120.00 |

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ■ No
    ☐ Yes. Describe.....

---

Official Form 106A/B                    Schedule A/B: Property                    page 2

EXHIBIT 5

Debtor 1    **DIANE E TURNER-STEER**                                    Case number *(if known)*    **25-42962-ess**

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ■ No
    ☐ Yes.  Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ■ No
    ☐ Yes.  Give specific information.....

15.  **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ............................................................................

|  |
|---|
| **$1,650.00** |

| Part 4: | Describe Your Financial Assets |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    ☐ No
    ■ Yes....................................................................................................................

|  | **Cash** | **$0.00** |
|---|---|---|

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
    ☐ No
    ■ Yes........................        Institution name:

|  | 17.1. | **CHECKING ACCOUNT WITH CHASE** | **$600.00** |
|---|---|---|---|

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ■ No
    ☐ Yes..................        Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ■ No
    ☐ Yes.  Give specific information about them...................
            Name of entity:                                    % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ■ No
    ☐ Yes. Give specific information about them
            Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
    ■ No
    ☐ Yes. List each account separately.
            Type of account:              Institution name:

EXHIBIT 5

Debtor 1    **DIANE E TURNER-STEER**                                    Case number *(if known)*    **25-42962-ess**

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
■ No
☐ Yes. ....................                              Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
■ No
☐ Yes............    Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
■ No
☐ Yes............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
■ No
☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
■ No
☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
■ No
☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**28. Tax refunds owed to you**
■ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
■ No
☐ Yes. Give specific information......

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else
■ No
☐ Yes.  Give specific information..

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
■ No
☐ Yes. Name the insurance company of each policy and list its value.
Company name:                          Beneficiary:                          Surrender or refund value:

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
■ No
☐ Yes.  Give specific information..

Official Form 106A/B                          Schedule A/B: Property                          page 4

EXHIBIT 5

Debtor 1    **DIANE E TURNER-STEER**                                Case number *(if known)*    **25-42962-ess**

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
   ■ No
   ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
   ☐ No
   ■ Yes.  Describe each claim.........

   | | |
   |---|---|
   | DEBTOR IS EXPLORING IF SHE HAS ANY CAUSE OF ACTION AGAINST THE SERVICER OF THE RESIDENTIAL LOAN. | $0.00 |

35. **Any financial assets you did not already list**
   ■ No
   ☐ Yes.  Give specific information..

36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.................................................................................................................    $600.00

**Part 5:**    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
   ■ No. Go to Part 6.
   ☐ Yes.  Go to line 38.

**Part 6:**    Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
   If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
   ■ No. Go to Part 7.
   ☐ Yes.  Go to line 47.

**Part 7:**    Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership
   ■ No
   ☐ Yes. Give specific information.........

54. Add the dollar value of all of your entries from Part 7. Write that number here  ....................................    $0.00

**Part 8:**    List the Totals of Each Part of this Form

55. **Part 1: Total real estate, line 2** ...................................................................................................    $650,000.00
56. **Part 2: Total vehicles, line 5**                                                    $0.00
57. **Part 3: Total personal and household items, line 15**                              $1,650.00
58. **Part 4: Total financial assets, line 36**                                            $600.00
59. **Part 5: Total business-related property, line 45**                                    $0.00
60. **Part 6: Total farm- and fishing-related property, line 52**                           $0.00
61. **Part 7: Total other property not listed, line 54**            +                       $0.00

62. **Total personal property.** Add lines 56 through 61...         $2,250.00    Copy personal property total    $2,250.00

63. **Total of all property on Schedule A/B.** Add line 55 + line 62                                              $652,250.00

Official Form 106A/B                          Schedule A/B: Property                                      page 5

EXHIBIT 5

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **DIANE E TURNER-STEER** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NEW YORK |
| Case number (if known) | **25-42962-ess** |

☐ Check if this is an amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property     12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:     List All Secured Claims**

| 2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name. | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|

| 2.1 | **US DEPT. OF HOUSING URBA** | Describe the property that secures the claim: | $57,666.07 | $650,000.00 | $0.00 |

Creditor's Name

**JACOB K JAVITS FEDERAL BL**
**26 FEDERAL PLAZA**
**SUITE 35**
**New York, NY 10278**

Number, Street, City, State & Zip Code

> **The Debtor has no knowledge about this loan**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

☐ Unliquidated

■ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____     Last 4 digits of account number _____

EXHIBIT 5

Debtor 1   **DIANE E TURNER-STEER**
　　　　　First Name　　　　Middle Name　　　　Last Name

Case number (if known)　　**25-42962-ess**

| 2.2 | **WELLS FARGO BANK NA** | | | Describe the property that secures the claim: | | $0.00 | $650,000.00 | $0.00 |

Creditor's Name

**BANKRUPTCY DEPT.**
**MAC N9286-01Y**
**Default Document**
**Processi**
**Minneapolis, MN 55440**

Number, Street, City, State & Zip Code

Describe the property that secures the claim:

**116-14 139 Street Jamaica, NY**
**11436  Queens County**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

☐ Unliquidated

■ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

☐ Other (including a right to offset) _____

Date debt was incurred _____

Last 4 digits of account number _____

| | |
|---|---|
| Add the dollar value of your entries in Column A on this page. Write that number here: | $57,666.07 |
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | $57,666.07 |

**Part 2:**　List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

EXHIBIT 5

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK - BROOKLYN DIVISION

-------------------------------------------------------------X    Case No. 1-25-42962-ess

In Re:

Chapter 13

DIANE E TURNER-STEER,

**ORDER LIFTING THE**
Debtor.    **AUTOMATIC STAY**
-------------------------------------------------------------X

Upon reading the filing the Notice of Motion dated March 20, 2026, the Affirmation of

Jenelle C. Arnold, Esq., dated March 20, 2026 and the exhibits annexed thereto on behalf of Rocket

Mortgage, LLC s/b/m Nationstar Mortgage LLC ("Creditor"), by its attorneys Aldridge Pite, LLP, for

an Order pursuant of 11 U.S.C. §362(d)(1) and (2) granting relief from the automatic stay to

foreclose the mortgage it holds on the property located 116-14 139th Street, Jamaica, NY 11436 (the

"Property") and sufficient cause appearing therefore; it is

**ORDERED**, that automatic stay is hereby modified pursuant to 11 U.S.C. §362 (d) (1) and

(2) and 1301(c)(1), to allow Creditor to foreclose the mortgage it holds on the Property, and it is

further,

**ORDERED**, that the 14 day stay imposed by FRBP 4001(a)(4) is hereby waived, and it is

further

**ORDERED**, that the Trustee shall retain any and all interest the Debtor's estate may have in

any surplus monies from a foreclosure sale of the Real Property; and it is further

**ORDERED**, that upon the commencement of a foreclosure proceeding against the Debtor,

the Trustee and her counsel shall be served with a copy of the summons and complaint notice of

pendency of action; and, it is further

**ORDERED**, that the Trustee be served with a copy of the referee's report of sale within thirty

(30) days of the referee's preparation of the report of sale; and, it is further

**ORDERED**, that closure of the case shall not constitute an abandonment of the trustee's interest, if any, in any surplus proceeds.

### ###

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK - BROOKLYN DIVISION

-------------------------------------------------------------X   Case No. 1-25-42962-ess

In Re:

                                                                Chapter 13

DIANE E TURNER-STEER,

                        Debtor.                                 **CERTIFICATE OF SERVICE**

-------------------------------------------------------------X

        The undersigned hereby certifies that I caused a copy of the Notice of Motion, Motion for

Relief from Stay, 362 Affidavit, and a Proposed Order Lifting Stay to be served via electronic

means and/or mailed by U.S. Mail on March 20, 2026 to the parties listed below:

Diane E Turner-Steer
116-14 139 Street
Jamaica, NY 11436
(via U.S. Mail)

Karamvir Dahiya
karam@dahiya.law
(via electronic notice and email)

Krista M. Preuss
info@ch13edny.com
(via electronic notice and email)

Department of Justice
USTPRegion02.BR.ECF@usdoj.gov
(via electronic notice and email)

US Dept of Housing Urban
Jacob K Javits Federal BL
26 Federal Plaza
Suite 35
New York, NY 10278
(via U.S. Mail)

Rocket Mortgage, LLC s/b/m Nationstar Mortgage LLC
c/o Jenelle C Arnold
3333 Camino del Rio South
Suite 225
San Diego, CA 92108
(via U.S. Mail)

Wells Fargo Bank, N.A.
c/o Shari S Barak
sbarak@logs.com
(via electronic notice and email)

Respectfully submitted,

/s/ Michael Leewright
By: Michael Leewright
3333 Camino del Rio South, Suite 225
San Diego, CA 92108
(858) 750-7600